IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LAWRENCE PATRICK PHILLIPS,                    *
#243 212
      Petitioner,                                       *

      v.                                                      *          2:09-CV-279-WHA
                                                                            (WO)
GARY HETZEL, WARDEN, *et al.*,              *

      Respondents.                                     *
_____

**ORDER**

      This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Lawrence Phillips on March 18, 2009.  In this petition, Petitioner challenges his  convictions for first degree assault, unlawful possession of marijuana in the first degree, and unlawful possession of drug paraphernalia entered against him by the Circuit Court for Covington County, Alabama in October 2005. The trial court sentenced Petitioner to consecutive sentences of twenty years imprisonment on the assault conviction, five years imprisonment  on  the  unlawful  possession  of  marijuana  conviction,  and  one  year imprisonment on the unlawful possession of drug paraphernalia conviction. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on June 16, 2006 and issued a certificate of judgment on July 6, 2006. Petitioner's conviction  became final by operation of law on July 20, 2006.

      Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's convictions became final in 2006- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on November 8, 2007.  That  petition did not toll the one-year period of limitation, however, because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of first degree assault, unlawful possession of marijuana in the first degree, and unlawful possession of drug paraphernalia by the Circuit Court for Covington County, Alabama, on October 5, 2005.  Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's convictions

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

on June 16, 2006 and issued a certificate of judgment on July 6, 2006. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2006 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2] Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on July 20, 2006 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on July 21, 2007. (*Doc. No. 10, Exhs. A-F.*)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during

---

[2] Respondents' contention that Petitioner's conviction became final on July 6, 2006 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari with the Alabama Supreme Court. Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state post-conviction petition filed by Petitioner on November 8, 2007 had no affect on the running of the limitation period applicable to the instant federal habeas petition.[4] *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before June 10, 2009 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation

---

[3]Petitioner's Rule 32 petition, filed in state court on November 8, 2007, was filed more than three months after § 2244(d)'s one-year period of limitation had expired.

[4]Respondents' assertion that the filing of Petitioner's Rule 32 petition on November 8, 2008 temporarily tolled the running of the limitation period is incorrect as the one-year limitation period had already expired by the time Petitioner filed his post-conviction petition. Thus, when Petitioner filed his Rule 32 petition no time remained to be tolled under § 2244(d)'s limitation period.

period established by 28 U.S.C. § 2244(d)(1).

Done, this 20th day of May 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE