IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LAWRENCE PATRICK PHILLIPS,     *
#243 212
    Petitioner,                *

v.                             *     2:09-CV-279-WHA
                                                                        (WO)

GARY HETZEL, WARDEN, *et al*.,  *

    Respondents.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Lawrence Phillips on March 18, 2009. In this petition, Petitioner challenges his convictions for first degree assault, unlawful possession of marijuana in the first degree, and unlawful possession of drug paraphernalia entered against him by the Circuit Court for Covington County, Alabama in October 2005. The trial court sentenced Petitioner to consecutive sentences of twenty years imprisonment on the assault conviction, five years imprisonment on the unlawful possession of marijuana conviction, and one year imprisonment on the unlawful possession of drug paraphernalia conviction. (*Doc. No. 10, Exh. D*.)

Petitioner appealed his convictions. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on June 16, 2006 and issued a certificate of judgment on

July 6, 2006. Petitioner's convictions became final by operation of law on July 20, 2006. (*Doc. No. 10, Exhs. A, D, E.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's convictions became final in 2006- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on November 8, 2007.[2]  That petition did not toll the one-year period of limitation, however, because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 12.*)  The order also gave Petitioner an

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[2] This is the date Petitioner certified his petition for mailing. (*Doc. No. 10, Exh. F at pg. 11.*) A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

opportunity to show cause why his petition should not be barred from review by this court. (*Id*.) Petitioner filed his response on June 11, 2009. (*Doc. No. 13*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

*A. Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[3] Respondents

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-

maintain that Petitioner's habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law.[4] 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of first degree assault, unlawful possession of marijuana in the first degree, and unlawful possession of drug paraphernalia by the Circuit Court for Covington County, Alabama, on October 5, 2005. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on June 16, 2006 and issued a certificate of judgment on July 6, 2006. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2006 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[5] Rule

---

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4] Subsection (d) of 28 U.S.C. § 2244 was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[5] Respondents' contention that Petitioner's convictions became final on July 6, 2006 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari with the Alabama Supreme Court. Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his convictions became final.

39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on July 20, 2006 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on July 21, 2007. (*Doc. No. 10, Exhs. A, D, E, F.*)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[6] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333,

---

[6] Petitioner's Rule 32 petition, filed in state court on November 8, 2007, was filed more than three months after § 2244(d)'s one-year period of limitation had expired.

1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on November 8, 2007 had no affect on the running of the limitation period applicable to the instant federal habeas petition.[7] *Webster*, 199 F.3d at 1259.

*B. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*. at 1286.

In his response to the answer of Respondents, Petitioner argues that his habeas corpus

---

[7]Respondents' assertion that the filing of Petitioner's Rule 32 petition on November 8, 2007 temporarily tolled the running of the limitation period is incorrect as the one-year limitation period had already expired by the time Petitioner filed his post-conviction petition. Thus, when Petitioner filed his Rule 32 petition no time remained to be tolled under § 2244(d)'s limitation period.

petition should be considered timely because he filed a motion for new trial with the state court on June 8, 2007 and then filed his Rule 32 petition on October 8, 2007[8] which tolled the running of the limitation period because he could not have sought habeas corpus relief while his *pro se* state motions were pending. (*Doc. No. 13*.)  Even assuming Petitioner engaged in the action described, his motion for new trial would not have tolled the limitation period under 28 U.S.C. § 2244(d)(2) and thus, this argument neither supports nor establishes any grounds for equitable tolling.[9]

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action.  The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his

---

[8] As noted, the records before the court reflect that Petitioner's Rule 32 petition was filed on November 8, 2007. (*Doc. No. 10, Exh. F*.)

[9] The court notes that a motion for new trial must be filed with the trial court no later than thirty days after pronouncement of sentence. *See* Rule 24.1(b), A.R.Cr.P.

control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Lawrence Phillips be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 23, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of March 2011.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE